UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA PLAINTIFF

v. CRIMINAL ACTION NO. 3:14-CR-00008-CRS

JEROME D. WARREN DEFENDANT

# Memorandum Opinion

## I. Introduction

A federal grand jury indicted Jerome Warren for possessing a firearm as a convicted felon. Indictment 1, ECF No. 1. Warren moved to suppress the gun and drugs seized from the car, Warren's statements regarding the gun and drugs, and Warren's recorded interview. Def.'s Mot. 1, ECF No. 16.

The magistrate judge held a hearing and made detailed findings of fact. *See* R. & R. 1 – 10, ECF No. 38. The magistrate judge recommended that the Court deny Warren's motion to suppress. *Id.* at 24. Warren filed a timely objection to the magistrate judge's report and recommendation. Def.'s Obj. 1, ECF No. 41.

For the reasons below, the Court will adopt the magistrate judge's findings of fact, conclusions of law, and recommendation. The Court will deny Warren's motion to suppress.

## II. Standard of review

The Court shall make a de novo review of the proposed findings and conclusions to which Warren objected. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(3). The Court

may "accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Fed. R. Crim. P. 59(b)(3).

III. Magistrate judge's factual findings

The magistrate judge found that Sergeant Trey McKnight and Detective Mark Brown (the "Officers") did not smell marijuana when they approached the car. R. & R. 16. The magistrate judge noted that the Officers' testimony regarding the type of marijuana they smelled when they approached the car was "inconsistent," the marijuana actually recovered from the car was a "miniscule" amount, and Brown did not mention finding any "roaches" (remains of smoked marijuana joints) in the police report or his grand jury testimony. *Id.* at 15 – 16. The United States did not object to this factual finding.

The magistrate judge also found that "Det. McKnight asked Warren if he had marijuana in the vehicle as McKnight stood outside near the [passenger's] side door. Both detectives testified at the suppression hearing that Warren immediately admitted that there was marijuana in the vehicle that evening." *Id.* at 16 (brackets added).[1]

Warren objects to the factual finding regarding this part of the Officers' testimony. Warren argues, "Counsel for the undersigned cannot understand how the Magistrate Court can make a finding that the sworn testimony of the officers in *one portion* of the hearing is **unbelievable** (sic), yet uphold the search upon a *different portion* of the testimony of the *same two officers*." Def.'s Obj. 4.

[1] The report and recommendation says, "Det. McKnight asked Warren if he had marijuana in the vehicle as McKnight stood outside the *driver's* side door." R. & R. 16 (emphasis added). This is error. There is no testimony that the McKnight was outside the driver's side door when he asked if Warren had weed in the car. The Officers were next to the passenger's side door when Warren got out of the car. Tr. 20 (McKnight direct); *id.* at 63 (Brown direct).

This Court may defer to a magistrate judge's determination of credibility as the magistrate was in the best position to make that determination. *See United States v. Hill*, 195 F.3d 258, 264 – 65 (6th Cir. 1999).

Here, both Officers testified that as they approached the car, McKnight asked Warren if he had weed in the car. Supp. Hr'g Tr. 19, ECF No. 26 (McKnight direct); *id.* at 63 (Brown direct); *id.* at 95 (Brown cross). Unlike the testimony regarding the smell of marijuana, which had indicia of unreliability, *see* R. & R. 15 – 16, the testimony regarding whether McKnight asked Warren if he had weed in the car is consistent. Although the Officers used different language when describing what McKnight said, they both testified that McKnight asked Warren something like, "Is there any weed in the car?" when they approached.

Altogether, the magistrate judge was in the best position to determine the Officers' credibility for the entirety of their testimony. A magistrate judge may reasonably conclude that one portion of a witness's testimony is unreliable, as happened here. It does not necessarily follow that finding one portion of a witness's testimony unreliable renders the entire testimony unreliable. The Court will adopt the magistrate judge's finding of fact regarding whether McKnight asked Warren if there was any weed in the car when the Officers approached.

The Court will adopt the magistrate judge's factual findings in full. *See* R. & R. 1 – 10.

IV. Magistrate judge's conclusions of law and recommendation

The magistrate judge also made conclusions of law. First, the magistrate judge concluded that the Officers engaged Warren in a consensual encounter for which the Fourth Amendment's protections do not apply. R. & R. 14. Second, the magistrate judge concluded that the Officers had probable cause to search the car without a warrant. *Id.* at 17. Third, the magistrate judge concluded that the Officers lawfully seized the gun and cocaine found in the car

under the plain view exception. *Id.* at 18. Fourth, the magistrate judge concluded that Warren's pre-arrest "spontaneous incriminating statements" did not violate Warren's Fifth Amendment right to counsel during custodial interrogation. *See id.* at 24 n.2. Fifth, the magistrate judge concluded that Brown's interview with Warren in the Charger did not violate Warren's Fifth Amendment right to counsel during a custodial interrogation. *Id.* at 23. Ultimately, the magistrate judge recommended that this Court deny the motion to suppress.

The Court will discuss the conclusions to which Warren objected.

A. <u>Whether Warren knowingly and voluntarily waived his *Miranda* rights</u>

Warren objected to the magistrate judge's conclusion that Warren knowingly and voluntarily waived his *Miranda* rights.

The Court must suppress statements made in response to custodial interrogation unless the suspect first waived his *Miranda* rights voluntarily, knowingly, and intelligently. *United States v. Ray*, 803 F.3d 244, 266 (6th Cir. Sept. 23, 2015) (internal quotation marks omitted). Further,

> A voluntary waiver is one that is the product of a free and deliberate choice rather than intimidation, coercion, or deception; it is made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. The critical inquiry is not whether the defendant knew and understood every possible consequence of a waiver, but, instead, whether he knew that he could choose not to talk to law enforcement officers, to talk only with counsel present, or to discontinue talking at any time.

*Id.* (internal quotations and citations omitted).

Here, the totality of the circumstances demonstrates that Warren voluntarily, knowingly, and intelligently waived his *Miranda* rights. Brown read Warren his *Miranda* rights from a standard warning form. R. & R. 7. Warren asked Brown if he had to sign the waiver form, and Brown responded, "Yes. Basically it says that I read you your rights and that you understand them." R. & R. 19. Warren replied, "Yeah, I know you read me my rights but I am admitting on

tape that everything in the car was not his, it was mine." R. & R. 19 – 20. Brown reminded Warren "on several occasions during the brief, record post-arrest interview that Warren could stop the interview at any time and that he could request that an attorney be present after which Brown would stop the interview." R. & R. 22. Instead, Warren continued to tell Brown that everything in the car was his. *Id.* Given these facts, the Court agrees with the magistrate judge's conclusion that "Warren was well aware that he did not have to talk to Det. Brown," *id.*, but he chose to do so anyway.

The Court will adopt the magistrate judge's conclusion that Warren voluntarily, knowingly, and intelligently waived his *Miranda* rights.

B. <u>Whether Warren invoked his Fifth Amendment right to counsel during the interview</u>

Warren objected to the magistrate judge's conclusion that Brown's interview did not violate Warren's Fifth Amendment right to counsel during custodial interrogation.

If a suspect clearly asserts the right to counsel during custodial interrogation, a law enforcement officer must immediately cease questioning. *United States v. Scott*, 693 F.3d 715, 718 (6th Cir. 2012) (citing *Davis v. United States*, 512 U.S. 452, 454 (1994)). Additionally,

> The suspect must unambiguously request counsel ... He must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney. If an accused makes a statement concerning the right to counsel that is ambiguous or equivocal or makes no statement, the police are not required to end the interrogation, or ask questions to clarify whether the accused wants to invoke his or her *Miranda* rights.

*Id.* at 718 (brackets, quotation marks, and citations omitted).

Here, Warren did not clearly and unequivocally request that his attorney be present before further questioning. Rather, he voiced his reasonable concern that his attorney might get upset with him for talking to Brown. Voicing a concern about his attorney's future reaction was not an unequivocal request for the immediate presence of counsel. A reasonable officer in

Brown's shoes would not have understood the statement to be an unequivocal request for an attorney. Thus, Brown had no obligation to end the interview or ask questions to clarify whether Warren intended to invoke *Miranda*. Given these facts, the Court agrees with the magistrate judge's conclusion that "At no time did Warren ever clearly and unequivocally request that [his attorney] be present before further questioning." R. & R. 22.

The Court will adopt the magistrate judge's conclusion that Brown's interview did not violate Warren's right to counsel during custodial interrogation.

V. Conclusion

The Court will adopt the magistrate judge's factual findings, conclusions of law, and recommendation in full. The Court will deny Warren's motion to suppress in full.

The Court will enter an order in accordance with this opinion.

February 3, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**