UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JEROME D. WARREN                                              PETITIONER/DEFENDANT

v.                                           CRIM. ACTION NO. 3:14-CR-00008-CRS
                                             CIVIL ACTION NO. 3:17-CV-00429-CRS

UNITED STATES OF AMERICA                                       RESPONDENT/PLAINTIFF

## MEMORANDUM OPINION

### I. Introduction

This matter was referred to the United States Magistrate Judge for Findings of Fact, Conclusions of Law, and Recommendation ("the report") (ECF No. 89) following petitioner Jerome D. Warren's ("Warren") motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 71. Warren now objects to the report. ECF No. 90. For the reasons set forth below, the court will sustain Warren's objections and grant his motion to vacate.

### II. Magistrate Judge's Findings of Fact

Warren did not object to any of the magistrate judge's factual findings. "When there is no objection, the court need not "review . . . a magistrate [judge's] factual or legal conclusions, under a *de novo* or any other standard . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, the court will provide a brief description of the facts giving rise to Warren's habeas petition for context.

In June 2016, Warren entered a plea of guilty by plea agreement to one count of knowing possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). ECF No. 53. In exchange, the United States agreed to: (1) move for dismissal of the original indictment charging

1

Warren with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e);[1] (2) recommend a sentence and fine at the lowest end of the applicable sentencing guideline range; and (3) recommend a three-level reduction in the sentencing calculation for acceptance of responsibility.

Paragraph 11 of the plea agreement presented the parties' joint calculation of Warren's offense level for purposes of sentencing. Due to Warren's two prior second-degree burglary convictions—which constituted a crime of violence under the guidelines—his base offense level was calculated at 24. U.S.S.G. § 2K2.1(a)(2). A 2-level increase applied because the firearm Warren possessed was stolen. U.S.S.G. § 2K2.1(b)(4). Additionally, a 4-level increase applied because the firearm was stolen in connection with another felony. U.S.S.G. § 2K2.1(b)(6)(B). Finally, a 3-level reduction applied for acceptance of responsibility. U.S.S.G. § 3E1.1. This resulted in a total offense level of 27.

Paragraph 15 of the plea agreement stated the following:

> Defendant agrees that the disposition provided for within the Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any other sentence other than the one to which he has agreed, he is in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, the Defendant may not withdraw his guilty plea because of his breach.

---

[1] Under 18 U.S.C. § 924(e), also known as the Armed Career Criminal Act (ACCA), a person who violates § 922(g) and has three prior convictions for a violent felony, serious drug offense, or both, is subject to a 15-year mandatory minimum sentence. The original indictment charging Warren with violating § 922(g) identified three prior felony convictions for purposes of the ACCA enhancement: (1) a 2007 Kentucky conviction for second-degree burglary; (2) a 2012 Kentucky conviction for second-degree burglary; and (3) a 2012 Kentucky conviction for second-degree escape.

On August 1, 2016—after Warren entered his plea but before he was sentenced—the U.S. Sentencing Commission issued Amendment 798 to the 2015 edition of the U.S. Sentencing Guidelines Manual. This amendment deleted burglary from the enumerated offense list under the 'crime of violence' provision of U.S.S.G. § 4B1.2(a).[2] Because burglary no longer constituted a 'crime of violence,' Warren's base offense level was reduced from 24 to 14.

Although the amended sentencing guidelines went into effect over a month before Warren was sentenced, neither the preliminary pre-sentence investigation report nor the final pre-sentence report reflected this change. Thus, Warren's total offense level remained at 27. When combined with his level VI criminal history category, Warren's recommended sentencing guideline range was 130 to 162 months.

At the sentencing hearing on September 26, 2016, Warren's attorney accepted the calculations in the final pre-sentence report without objection. Although the sentencing guideline range was 130 to 162 months, the statutory maximum for possession of a stolen firearm is 10 years, or 120 months. This court granted the United States' motion to dismiss the original indictment, and sentenced Warren to 120 months.

Warren now challenges his 120-month sentence based on ineffective assistance of counsel. Specifically, Warren alleges that his attorney's performance was deficient because he failed to argue for the application of the amended sentencing guidelines, which would have resulted in a 10-level reduction in his total offense level and a recommended sentencing guideline range of 51 to 63 months, rather than 130 to 162 months.

---

[2] Prior to the amendment, subsection (a)(2) of 4B1.2 defined 'crime of violence' as "burglary of a dwelling, arson, or extortion . . ." Amendment 798 changed the enumerated offenses to "murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. 5845(a) or explosive material as defined in 18 U.S.C. 841(c).

3

III.     Magistrate Judge's Conclusions of Law and Recommendation

Warren objects to the magistrate judge's legal conclusion that he failed to demonstrate prejudice. The court must make a *de novo* determination of those portions of the recommended disposition to which objections are filed. 28 U.S.C. § 636(b)(1)(c).

The Sixth Amendment right to counsel includes the right to effective counsel. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set out a two-part test for evaluating claims of ineffective assistance of counsel. First, the petitioner must show that "counsel's performance was deficient," meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. Second, the petitioner must show that "the deficient performance prejudiced the defense," meaning that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance . . ." *Id.* at 689.

The two-part test announced in *Strickland* also applies to ineffective assistance of counsel claims based on guilty pleas. *Hill v. Lockhart*, 474 U.S. 52 (1985). When applied to these situations, the first part of the test requires the same showing of deficient performance. The second part of the test instead requires the petitioner to show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 58-59.

The magistrate judge's report concludes that "Warren has failed to satisfy the prejudice prong of the two-part test of *Strickland* as applied in *Hill*." ECF No. 89, p. 12. In reaching this conclusion, the report references Paragraph 15 of Warren's plea agreement, which states that if

Warren argued for any sentence other than the one agreed to, the United States was "relieved of its obligations under this Agreement . . ." ECF No. 53, p. 6. The report contends that if Warren's attorney had argued for the application of the amended sentencing guidelines, the government would have likely proceeded on the original § 922(g) charge. This would have exposed Warren to a 15-year mandatory minimum sentence under the ACCA. Further, the report notes that even if the government continued with the § 922(j) charge, the government could have "instead argued for a sentence at the top of the applicable sentencing guideline range of 130-to-162 months, or a possible sentence of 13 years and six months." ECF No. 89, p. 15. Because arguing for application of the amended sentencing guidelines could have exposed Warren to a higher sentence, the report concludes that a reasonable defendant would not have rejected Warren's plea agreement and instead gone to trial.

The court disagrees with this conclusion. If the government proceeded with the original § 922(g) charge, Warren would not have been subject to a 15-year mandatory minimum sentence.[3] In order to qualify for the sentencing enhancement under the ACCA, the defendant must have three prior felony convictions that constitute a violent felony, a serious drug offense, or both. Warren's prior felonies include two convictions for second-degree burglary and one conviction for second-degree escape. Although the parties dispute whether second-degree burglary constitutes a violent felony following the Supreme Court's decision in *Mathis v. United States*, 136 S.Ct. 2243 (2016), it is undisputed that second-degree escape does not constitute either a violent felony or a serious drug offense under the ACCA.[4] *See U.S. v. Brumback*, 614 Fed. Appx. 288, 293 (6th Cir. 2015) ("The government now admits that second-degree escape conviction

---

[3] Warren first raised this argument in his objection to the magistrate judge's report. ECF No. 90. However, the court must still consider this in assessing whether counsel's errors prejudiced Warren.
[4] Under Kentucky law, "[a] person is guilty of escape in the second degree when he escapes from a detention facility or, being charged with or convicted of a felony, he escapes from custody." KRS 520.030.

listed on its notice of enhanced sentencing does not qualify as a violent felony."). Therefore, Warren does not have the predicate offenses required for the sentencing enhancement under the ACCA. Without the ACCA enhancement, the statutory maximum for violation of § 922(g) is 10 years.

Furthermore, if the government had continued with the § 922(j) charge, they could not have advocated for a sentence at the top of the original guideline range. Although the guideline range included in Warren's pre-sentence report was 130 to 162 months, the statutory maximum under § 922(j) is 10 years, or 120 months.

Because Warren was not subject to the 15-year mandatory minimum sentence under the ACCA, and the statutory maximums for both §§ 922(g) and 922(j) are 10 years, Warren would not have faced a higher sentence if his attorney had argued for application of the amended guidelines. At best, Warren would have received a sentence in the 51 to 63-month range. At worst, he would have received the same 10-year sentence. Thus, a reasonable defendant in Warren's position would have rejected his plea agreement. This is sufficient to satisfy the prejudice requirement in *Hill*.

Warren's counsel was deficient in failing to: (1) recognize that Warren was not subject to the 15-year mandatory minimum sentence under the ACCA, and (2) object to the application of the incorrect sentencing guidelines. These errors prejudiced Warren by subjecting him to a significantly greater sentence than called for by the correct sentencing guidelines. This is sufficient to conclude that Warren received ineffective assistance of counsel by the Western Kentucky Federal Community Defender Office.

IV.     Certificate of Appealability

Because this court finds that Warren received ineffective assistance of counsel, it is unnecessary to issue a certificate of appealability in this case.

V.     Conclusion

For the foregoing reasons, Warren's objections to the magistrate judge's findings of fact, conclusions of law, and recommendation will be sustained, and his motion to vacate his sentence under 28 U.S.C. § 2255 will be granted. The court will resentence Warren upon consideration of the correct applicable sentencing guideline range. An order will be issued in accordance with this memorandum.

July 25, 2018

**Charles R. Simpson III, Senior Judge
United States District Court**

cc:     Counsel of Record

Jerome D. Warren, *pro se*
Reg. No. 15672-033
USP McCreary
P.O. Box 3000
Pine Knot, Kentucky 42635

Donald Meier
Laura Wyrosdick
Western Kentucky Federal Community Defender Office