UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JEROME D. WARREN                                          PETIITIONER/DEFENDANT

v.                                             CRIM. ACTION NO. 3:14-CR-00008-CRS
                                               CIVIL ACTION NO. 3:17-CV-00429-CRS

UNITED STATES OF AMERICA                                    RESPONDENT/PLAINTIFF

### MEMORANDUM OPINION

This case is before the court on respondent United States of America's ("the Government") motion to reconsider the court's order granting petitioner Jerome D. Warren's ("Warren") motion to vacate under 28 U.S.C. § 2255. ECF No. 97. For the reasons set forth below, the Government's motion to reconsider will be granted, and Warren's motion to vacate will be denied.

Although the Government has not cited any authority in support of its motion for reconsideration, "district courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment."[1] *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)). "This authority allows district courts to afford such relief from [interlocutory orders] as justice requires." *Id.* (citation omitted). Reconsidering an interlocutory order is appropriate when there is "(1) an intervening change of

---

[1] Fed. R. Civ. P. 54(b) states: "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

1

controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.*

This court previously concluded that Warren's sentence should be vacated because he received ineffective assistance of counsel. There is a two-prong test for evaluating claims of ineffective assistance of counsel. First, the petitioner must demonstrate that "counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, the petitioner must demonstrate that "the deficient performance prejudiced the defense." *Id.* In the context of a guilty plea, the prejudice prong requires the petitioner to show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

In 2016, Warren pleaded guilty to one count of possessing a stolen firearm in violation of 18 U.S.C. § 922(j) and was sentenced to 10 years in prison—the statutory maximum for that crime. In exchange for Warren's guilty plea, the Government agreed to dismiss the original indictment charging Warren with felon in possession of a firearm in violation of 18 U.S.C. § 922(g). This court previously found that Warren's attorney was deficient in failing to argue for the application of the correct, amended sentencing guidelines at Warren's sentencing hearing, and that this omission prejudiced Warren. In so finding, the court rejected the Government's argument that Warren's defense was not prejudiced. The Government's argument was premised on the notion that if Warren's attorney had argued for a lesser sentence, the Government would have proceeded with the original § 922(g) indictment, exposing Warren to a 15-year mandatory minimum sentence under the Armed Career Criminal Act (ACCA). In rejecting the Government's argument, the court stated:

> If the government proceeded with the original § 922(g) charge, Warren would not have been subject to a 15-year mandatory minimum sentence. In order to qualify

for the sentencing enhancement under the ACCA, the defendant must have three prior felony convictions that constitute a violent felony, a serious drug offense, or both. Warren's prior felonies include two convictions for second-degree burglary and one conviction for second-degree escape . . . [I]t is undisputed that second-degree escape does not constitute either a violent felony or a serious drug offense under the ACCA. *See U.S. v. Brumback*, 614 Fed. Appx. 288, 293 (6th Cir. 2015) ("The government now admits that second-degree escape conviction listed on its notice of enhanced sentencing does not qualify as a violent felony."). Therefore, Warren does not have the predicate offenses required for the sentencing enhancement under the ACCA . . .

Furthermore, if the government had continued with the § 922(j) charge, they could not have advocated for a sentence at the top of the original guideline range. Although the guideline range included in Warren's pre-sentence report was 130 to 162 months, the statutory maximum under § 922(j) is 10 years, or 120 months.

Because Warren is not subject to the 15-year mandatory minimum sentence under the ACCA, and the statutory maximums for both 922(g) and 922(j) are 10 years, Warren would not have faced a higher sentence if his attorney had argued for application of the amended guidelines. At best, Warren would have received a sentence in the 51 to 63-month range. At worst, he would have received the same 10-year sentence. Thus, a reasonable defendant in Warren's position would have rejected his plea agreement. ECF No. 92, pp. 5-6.

The Government here contends that the court erred in concluding that Warren was not subject to sentencing under the ACCA. The Government's response to the § 2255 petition stated that Warren's "prior convictions include two separate incidents of second-degree burglary, one on September 14, 2007 and another on December 20, 2011." ECF No. 85-2, p. 3. As the Government now clarifies, Warren actually had "four separate convictions for second-degree burglary in 2007 and another conviction for second-degree burglary in 2011." ECF No. 97, p. 3. The Government adheres to its position that had Warren's attorney breached the plea agreement by arguing for a lesser sentence, it would have proceeded on the § 922(g) charge with the 15-year mandatory minimum sentence. Therefore, the Government asserts, a reasonable defendant in Warren's position would not have violated the plea agreement.

3

Upon review of Warren's final pre-sentence report, the court agrees with the Government. Warren's September 14, 2007 conviction includes four counts of second-degree burglary. These counts are based on four separate burglaries against four different victims, spanning from October to December 2006. ECF No. 62. When "offenses [are] committed by a defendant at different times and places against different victims . . . [they] are separate and distinct criminal episodes" and are "counted as separate predicate convictions under § 924(e)(1)." *U.S. v. Brady*, 988 F.2d 664, 669 (6th Cir. 1993). *See also U.S. v. Hill*, 440 F.3d 292, 298 (6th Cir. 2006) ("[S]eparate offenses are committed if the offenses are committed in different residences . . ."). The fact that separate offenses may be consolidated for indictment or sentencing is immaterial. *U.S. v. Martin*, 526 F.3d 926, 939 (6th Cir. 2008). Thus, when combined with Warren's December 20, 2011 conviction for second-degree burglary, Warren has five separate convictions of second-degree burglary.

Moreover, it is now clear that Kentucky's second-degree burglary statute constitutes a 'violent felony' under the ACCA. Following the Supreme Court's decision in *Mathis v. United States*, 136 S.Ct. 2243 (2016), there was some speculation as to whether the elements of Kentucky's second-degree burglary statute (KRS 511.030) were broader than the elements of generic burglary. *See U.S. v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (White, J., concurring). However, the Sixth Circuit recently clarified this issue in *United States v. Malone*, 889 F.3d 310 (6th Cir. 2018), finding that the elements of KRS 511.030 squarely align with the elements of generic burglary. In effect, this allows a defendant's prior conviction of Kentucky second-degree burglary to count as a predicate offense under the 'enumerated felonies' clause of the ACCA.

Based on these facts, Warren's defense was not prejudiced. Paragraph 15 of Warren's plea agreement stated:

> If [Warren] argues for any sentence other than the one to which he has agreed, he is in breach of this Agreement. [Warren] agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but [Warren] may not withdraw his guilty plea because of his breach.

If Warren's attorney had argued for a lesser sentence based on the application of the amended sentencing guidelines, the Government likely would have revoked the § 922(j) indictment, and instead proceeded with the § 922(g) charge. This would have subjected Warren to a 15-year mandatory minimum sentence. Because a reasonable defendant in Warren's position would not have rejected a plea agreement recommending a 10-year sentence in exchange for exposure to a 15+ year sentence, he was not prejudiced by his attorney's omission. Warren therefore did not receive ineffective assistance of counsel. In fact, Warren's attorney acted effectively in securing a favorable outcome for Warren based on his criminal record and exposure to the ACCA enhancement.

For the foregoing reasons, the Government's motion for reconsideration will be granted. The court will accept and adopt the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation ("the Report") (ECF No. 89) with two exceptions. The court declines to adopt Footnote 4 of the Report, insofar as it concludes that the Government could have advocated for a sentence greater than 10 years if it proceeded with the § 922(j) indictment. The statutory maximum under 18 U.S.C. § 922(j) is 10 years. Furthermore, the court declines to adopt the recommendation that a certificate of appealability be issued in this case. The 6th Circuit's recent holding in *United States v. Malone*, 889 F.3d 310 (6th Cir. 2018) negates the need for further clarification as to whether Kentucky's second-degree burglary statute constitutes a 'violent felony' under the ACCA. Accordingly, the court will deny Warren's motion to vacate

5

under 28 U.S.C. § 2255. An order will be entered in accordance with this memorandum.

August 17, 2018

Charles R. Simpson III, Senior Judge
United States District Court

cc: Counsel of Record

Jerome D. Warren, *pro se*
Reg. No. 15672-033
USP McCreary
P.O. Box 3000
Pine Knot, Kentucky 42635

Donald Meier
Laura Wyrosdick
Western Kentucky Federal Community Defender Office